UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA; MK, JR., | |
| Plaintiffs, | |
| -against- | 23-CV-7155 (LTS) |
| CHASE BANK also known as JP MORGAN CHASE BANK N.A.; NEHA GOPINATH, Escalation Supervisor; NAJIA HOSSAIN, Officer, | ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, who is proceeding *pro se,* brings this action on behalf of himself and his minor son.[1] By order dated August 15, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below and orders Plaintiff to show cause why he should not be barred from filing any new actions in this court without first seeking permission of the court.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of his minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Additionally, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys."). Because Plaintiff has alleged no facts suggesting that he is an attorney, he may not assert claims on behalf of his son.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff alleges that he received a $30,000 auto insurance settlement check, which he brought to the Chase branch located at 200 New Dorp Lane, Staten Island, New York, and Defendants lost the check. He brings this action seeking the return of the lost funds and all funds illegally debited from his account, including overdraft payments for checks that were returned.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff bring claims concerning transactions that occurred in Staten Island, Richmond County, New York, where he resides. Nothing in the complaint suggests that this court is a proper venue for Plaintiff's claims.[2] Staten Island, New York is located in the Eastern District of New York.[3] *See* 28 U.S.C. § 112(c). Because the alleged events giving rise to Plaintiff's claims

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

[3] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn), (3) Queens (New York City Borough

occurred in Staten Island, the Eastern District of New York appears to be a proper venue for this action under Section 1391(b)(2).

If an action is filed with the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

Plaintiff has filed multiple actions in which this Court determined that venue was improper. Because Plaintiff has been warned that the further filing of actions that do not belong in this court will result in an order barring him, under 28 U.S.C. § 1651, from filing any new actions in this court without first seeking permission of the court, *see Keita v. Nike Corp. Off.*, ECF 1:23-CV-3248, 3 (S.D.N.Y. Apr. 21, 2023), the Court declines to transfer this action, dismisses the action for improper venue, and directs Plaintiff to show cause why he should not be barred from filing any new actions in this court without first seeking permission of the court.

## ORDER TO SHOW CAUSE

From January 1, 2023, through April 18, 2023, Plaintiff has filed seven other actions in this court, all of which have been transferred to the Eastern District of New York. *See Keita*, ECF 1:23-CV-3248; *Keita v. The Amazon Corp. Headquarters*, ECF 1:23-CV-3217, 4 (S.D.N.Y. Apr. 20, 2023); *Keita v. Coll. of Staten Island*, ECF 1:23-CV-3090, 2 (S.D.N.Y. Apr. 18, 2023); *Keita v. Ford,* ECF 1:23-CV-2755, 3 (S.D.N.Y. Apr. 3, 2022); *Keita v. Nerdrez*, ECF 1:23-CV-2103, 4 (S.D.N.Y. Mar. 21, 2023); *Keita v. Bank of NY*, ECF 1: 23-CV-1504, 3 (S.D.N.Y. Mar. 1, 2023); *Keita v. State Farm Ins.*, ECF 1:23-CV-0658, 4 (S.D.N.Y. Jan. 27, 2023). In the Eastern District,

---

of Queens), (3) Richmond (New York City Borough of Staten Island), (4) Nassau, and
(5) Suffolk. 28 U.S.C. § 112(c).

Plaintiff has been described as a "serial litigator." *See Keita v. Am. Sec. Ins. Co.*, No. 17-CV-0879 (E.D.N.Y. Dec. 10, 2021).

In light of this litigation history, this Court finds that Plaintiff was, or should have been, aware that this action does not belong in this court. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is therefore ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from the court to do so.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed for improper venue. Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this court without prior permission. A declaration form is attached to this order.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                           Signature

Name                                         Prison Identification # (if incarcerated)

Address                      City            State        Zip Code

Telephone Number (if available)              E-mail Address (if available)